Robert K. Meyer, OSB #086470
Meyer Stephenson
1 SW Columbia, Suite 1850
Portland, OR 97258
Phone: 503/ 459-4010
Email: robert@oregonworkplacelaw.com

Of Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| DAVID SUNNY,<br><br>Plaintiff,<br><br>v.<br><br><br>MET ONE INSTRUMENTS, INC.,<br><br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>Unlawful Employment Practices in violation of 659A.199, 659A.183; ORS 653.641; FMLA (29 U.S.C. § 2601 *et seq.*); Common Law Wrongful Discharge<br><br>**DEMAND FOR JURY TRIAL** |

**Nature of the Action**

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages and attorney's fees for himself to redress injuries done to him by Defendant or officers, employees or agents of Defendant in violation of his rights under the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (hereafter "FMLA"), Oregon Revised Statutes 659A.199, 659A.183, and 653.641, and the common law.

**Jurisdictional Allegations**

2.

This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C §1332 as Plaintiff is a citizen of a different state than Defendant and the amount in controversy exceeds

$75,000. This Court also has jurisdiction over Plaintiff's federal claims under 29 U.S.C. § 2601 *et seq.* pursuant to 28 U.S.C. §§ 1331. This Court also has supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

3.

Venue is proper within the District of Oregon, Medford Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all of Plaintiff's claims arose in this judicial district.

**General Factual Allegations**

4.

Plaintiff is a resident of Catoosa, Oklahoma.

5.

Defendant is an Oregon corporation with its principal place of business in Grants Pass, Oregon.

6.

At all material times, Plaintiff was employed by Defendant in Oregon performing work in the Medford Division of Oregon District Court.

7.

At all material times, Defendant was Plaintiff's employer, Plaintiff was supervised by Defendant's employees or agents, and Plaintiff relied on the actual or apparent authority of Defendant's employees, supervisors and management, including Mike Putnam.

8.

Defendant was at all material times a company with 25 or more employees in Oregon and 50 or more employees within a 75-mile radius.

9.

Defendant hired Plaintiff on or about August 14, 2017 as a service technician.

10.

From on or about October 2018 through January 2019, Plaintiff reported concerns to his lead worker Jeff Christopherson, Safety Representative Danna Zavolta, and Service Department Manager Mike Putnam regarding inadequate lighting to work safely and working on a C-SASS that was over 100 decibels when the current safe level was established at 85 decibels.  Plaintiff also presented Defendant with the OSHA guidelines on these issues. However, Defendant disregarded Plaintiff's concerns.

11.

In or around November 2018, Plaintiff requested Defendant provide him with noise canceling headphones as protective gear.  Defendant refused to provide the protective gear.

12.

On or about January 1, 2019, Plaintiff came down with the flu and had to seek medical care.  Plaintiff was seen that day by his medical provider diagnosed Plaintiff with the flu.

13.

On or about January 2, 2019, despite being sick, Plaintiff went to work at Defendant. After Plaintiff arrived, however, he realized that he was too sick to work.  As Putnam had not yet arrived at work, Plaintiff reported to his lead, Jeff Christopherson, that he was too sick to work and needed to take medical leave.  Christopherson told Plaintiff to go ahead and go. Plaintiff then punched out.  Prior to leaving, Plaintiff also discussed with Daisy Jones that he was leaving because he was sick.

14.

The following morning, on or about January 3, 2019, Plaintiff sent a text message to Putnam and Jones that he was taking another sick day due to his having the flu and a sore throat.

15.

The next morning, on or about January 4, 2019, Plaintiff sent a text message to Putnam and Jones that he was taking another sick day due to his having the flu and a sore throat.

16.

Later that same morning, while Sunny was being seen in the immediate care facility for his flu, cough, ear and head pressure, and sprained ribs, Putnam responded back that Defendant had terminated his employment on January 2nd for walking off the job and refusing to perform duties asked by his supervisor.  Plaintiff informed Defendant's HR Manager that morning about the violation of his sick leave rights but Defendant proceeded with the termination.

### First Claim For Relief

### Whistleblower Retaliation – ORS 659A.199

17.

Plaintiff realleges the paragraphs above as fully set forth herein.

18.

Defendant retaliated against Plaintiff in the terms and conditions of his employment by terminating Plaintiff in substantial part for opposing and/or reporting in good faith what Plaintiff believed to be illegal conduct, as well as evidence of violations of federal and/or state laws, rules, or regulations, including, but not limited to ORS 654.010, ORS 654.022, ORS 654.062, and OAR 839-004-0001 et seq.

19.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial.  Plaintiff will continue to have lost income and benefits into the future.  Plaintiff is entitled to recover his economic damages under ORS 659A.885.

20.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.  Plaintiff is entitled to recover his non-economic damages under ORS 659A.885.  Plaintiff also seeks punitive damages due to Defendant's reckless disregard of his rights.

21.

Plaintiff is entitled to recover his costs and attorneys' fees pursuant to ORS 659A.885 and ORS 20.107.

**Second Claim For Relief**

**FMLA Leave Denial/Interference/Retaliation**

22.

Plaintiff realleges the above paragraphs as if fully set forth herein.

23.

At all material times, Plaintiff had been employed by Defendant for 12 months and had performed at least 1,250 hours of service for Defendant during the preceding 12-month period.

24.

At all material times, Plaintiff suffered from a serious health condition.

25.

Plaintiff utilized leave that was protected leave under FMLA.

26.

As set forth above, Defendant denied, interfered with, discriminated and/or retaliated against Plaintiff for utilizing and/or attempting to utilize protected medical leave by taking adverse employment actions against Plaintiff, including, but not limited to, interfering with Plaintiff's right to take medical leave, failing to reinstate Plaintiff when he was cleared to return to work, and terminating Plaintiff in retaliation for inquiring about/ taking protected medical leave.

27.

In perpetrating the above actions, Defendant violated 29 U.S.C. § 2601 *et seq.* causing Plaintiff to suffer damages.

28.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to

incur lost wages and benefits in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

29.

In perpetrating the above actions, Defendant acted willfully and/or with knowledge that its actions were in violation of FMLA or with reckless disregard of whether it was violating FMLA. As such, Plaintiff is entitled to liquidated damages for Defendant's violation of his FMLA rights in an amount equal to the sum of Plaintiff's lost wages and benefits, plus prejudgment interest thereon pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii).

30.

Plaintiff is entitled to recover his costs and attorney's fees pursuant to 29 U.S.C. § 2617(a)(3).

### Third Claim For Relief

### ORS 659A.183 – OFLA Interference, Discrimination, or Retaliation

31.

Plaintiff realleges the paragraphs above as if fully set forth herein.

32.

At all material times, Plaintiff suffered from a serious health condition.

33.

Plaintiff invoked his need for, utilized and/or attempted to utilize leave that was protected leave under Oregon law.

34.

As set forth above, Defendant denied, interfered with, discriminated and/or retaliated against Plaintiff for invoking, utilizing and/or attempting to utilize protected medical leave by taking adverse employment actions against Plaintiff.

35.

Plaintiff re-alleges his damages, injunctive relief, costs, and attorneys' fees as stated in paragraphs 19, 21, 27and 28 above.

**Fourth Claim For Relief**

**ORS 653.641 – Oregon's Sick Time Law Denial, Interference, Discrimination, or Retaliation**

36.

Plaintiff realleges the paragraphs above as if fully set forth herein.

37.

At all relevant times, Plaintiff qualified for sick time under ORS 653.616.

38.

Plaintiff invoked his need for, utilized and/or attempted to utilize leave that was protected sick leave under Oregon law.

39.

As set forth above, Defendant denied, interfered with, discriminated and/or retaliated against Plaintiff for invoking, utilizing and/or attempting to utilize protected sick time by taking adverse employment actions against Plaintiff, including terminating Plaintiff.

40.

Plaintiff re-alleges his damages, injunctive relief, costs, and attorneys' fees as stated in paragraphs 19, 21, 27and 28 above.

**Fifth Claim For Relief**

**Wrongful Discharge in Violation of Public Policy**

41.

Plaintiff realleges the paragraphs above as if fully set forth herein.

42.

At all materials times, the public policy of Oregon prohibited an employer from retaliating against an employee for inquiring about and/or invoking his rights and/or utilizing and/or attempting to utilize the protected medical leave. This public policy is embodied in the common law, statutes, and regulations of the State of Oregon and the United States protecting the public

and employees including, but not limited to: ORS 659A.183; OAR 839-009-0200 *et seq.*; 29 U.S.C. §2601, *et seq.*; and *Yeager v. Providence Health System Oregon*, 195 Or App 134 (2004).

43.

Defendant, through its agents and/or employees, violated the above public policies by denying, failing to provide, interfering with, discriminating and retaliating against Plaintiff for inquiring about and/or invoking his rights and/or utilizing and/or attempting to utilize protected medical leave.  The discharge was unlawful and in violation of the public policy of the State of Oregon.

44.

Defendant's discharge of Plaintiff was in retaliation for Plaintiff's pursuit and exercise of Plaintiff's rights related to Plaintiff's role as an employee, which rights are of important public interest.

45.

Plaintiff re-alleges his economic, non-economic, and punitive damages, as well as his costs, and attorneys' fees as stated in the paragraphs above.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.  For permanent injunctive relief enjoining Defendant, its officers, employees and agents from engaging in any disability or injured worker discrimination or retaliation.

2.  Economic damages and future losses to be determined at trial;

3.  Non-economic damages to be determined at trial;

4.  Liquidated damages in an amount equal to Plaintiff's lost wages and benefits to be determined at trial;

5.  Punitive damages in an amount to be determined at trial;

6.  Reasonable costs and attorneys' fees; and

7.      For such other and further relief as the Court may deem just and equitable.


DATED this 3rd day of July, 2019.

s/ Robert Meyer
Robert K. Meyer, OSB #086470
Of Attorneys for Plaintiff
